IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD J. JOHNSON, #065808, | § § § § § § § § § § § | |
| Petitioner, | | |
| | | No. 3:25-cv-90-B |
| V. | | |
| NAVARRO COUNTY SHERIFF, | | |
| Respondent. | | |

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND DENYING A CERTIFICATE OF APPEALABILITY

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. Objections were filed. The District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error.

The magistrate judge recommended dismissal without prejudice to Petitioner's right to pursue and exhaust available state remedies. *See* Dkt. No. 13. Petitioner objects that "there are no available state remedies to exhaust for a pro se prisoner engaged in self-representation." Dkt. No. 14 at 1 (capitalization and emphases removed). Even if he is correct that at least one of his claims, the speedy trial claim, cannot be addressed through a state pretrial habeas, Petitioner's claim that there are no available state remedies to exhaust is not correct. Speedy trial claims may be addressed through a petition for writ of mandamus filed with the appropriate court of appeals and then, if necessary, appealed to the Texas Court of Criminal Appeals. *See Ex parte Sheffield*, 685 S.W.3d 86,

1

97 (Tex. Crim. App. 2023) (writ of mandamus appropriate remedy to compel trial court to set case for trial or dismiss indictment (citing *Chapman v. Evans*, 744 S.W.2d 133, 135 (Tex. Crim. App. 1988)); *Padilla v. McDaniel*, 122 S.W.3d 805, 808 (Tex. Crim. App. 2003) (en banc) (petition for writ of mandamus should "be presented first to the court of appeals unless there is a compelling reason not to do so."); *see also Dickerson v. State of Louisiana*, 816 F.2d 220, 228 (5th Cir. 1987) (requiring exhaustion of state remedies before consideration of request that state be ordered to grant prompt trial).

Because Petitioner has not shown that he has exhausted his available state remedies, the Court ACCEPTS the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

To the extent that a certificate of appealability is required,[1] considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation filed in this case in support of its finding that Petitioner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" or "debatable whether [this Court] was correct in its procedural

---

[1] *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) ("[In *Ojo v. I.N.S.*, 106 F.3d 680 (5th Cir. 1997), w]e concluded that a COA was not required in the § 2241 proceeding at issue there, because § 2253 clearly does not encompass challenges to federal detention under § 2241. Just as clearly, however, § 2253 does encompass challenges to state detention under § 2241, since "the detention complained of arises out of process issued by a State court." We hold that, assuming Stringer is a pretrial detainee, he must obtain a COA.").

ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

But, if Petitioner elects to file a notice of appeal, Petitioner must either pay the appellate filing fee or move for leave to appeal *in forma pauperis*.

SO ORDERED this 26th day of January, 2026.

                                                JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE