UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICHARD J. JOHNSON, #065808, <br><br> Petitioner, <br><br> V. <br><br> NAVARRO COUNTY SHERIFF, <br><br> Respondent. | § § § § § § § § § § § § § <br><br> No. 3:25-cv-90-B |

## MEMORANDUM OPINION AND ORDER

Petitioner Richard J. Johnson, detained pretrial at the Navarro County jail, filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2241. *See* Docs. 3, 5. The magistrate judge entered findings of fact, conclusions of law, and a recommendation that the Court dismiss the complaint without prejudice because Johnson did not demonstrate that his claims had been exhausted (the "FCR"). *See* Doc. 13. Johnson file objections on September 2, 2025, *see* Doc. 14, but after reviewing the pleadings, FCR, and objections, the Court accepted the FCR and entered judgment on January 26, 2026, *see* Docs. 15,16.

On February 10, 2026, Johnson filed a second set of objections stating that, after he filed his first set of objections but before the Court entered judgment, he had exhausted his available state remedies and asserting new facts about his criminal case. *See* Doc. 17. Specifically, he asserts that on September 5, 2025 (three days after filing his objections to the FCR), he filed a writ of mandamus in the state court of appeals, which was denied on September 11, 2025. *See id.* at 1; *In re Johnson*, No. 10-25-00319-CR (Tex. App.–Waco Sept. 11, 2025, pet. denied). The Texas Court of Criminal Appeal denied his petition for discretionary review of the denial. *See In re Johnson*, No.

PD-0741-25 (Tex. Crim. App. Sept. 25, 2025). Despite the fact that this occurred four months before the Court entered its judgment, Johnson did not filed any amended or supplemental pleadings or otherwise apprise the Court of this until after the judgment.

In his post-judgment objections, Johnson also informs the Court that his state criminal trial has been set and cancelled twice, that his original indictment was dismissed, and that he has been re-indicted. *See* Doc. 17 at 2, 6. Again, none of this information had been provided to the Court during the four and a half month period between Johnson's September 2, 2025 objections and the judgment entered on January 26, 2026.

Because Johnson's objections were filed within 28 days of the judgment, the Court will treat them as though they were filed under Federal Rule of Civil Procedure 59(e). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (A motion requesting that a district court reexamine a prior ruling that adjudicates all the claims among all the parties filed "within twenty-eight days after the entry of the judgment … is treated as though it was filed under [Federal Rule of Civil Procedure] 59." (citation omitted)); *see also Washington v. UTMB*, No. 20-20434, 2022 WL 2527665, at *1 (5th Cir. July 7, 2022) (per curiam) ("Regardless of how it is labeled or classified, a motion seeking reconsideration is treated as a Federal Rule of Civil Procedure 59(e) motion if it is filed within the applicable 28-day time limit." (citing FED. R. CIV. P. 59(e); *Mangieri v. Clifton*, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994))).

A Rule 59(e) motion timely filed, within 28 days of judgment, "'suspends the finality of the original judgment' for purposes of an appeal." *Banister v. Davis*, 590 U.S. 504, 508 (2020) (quoting *FCC v. League of Women Voters of Cal.*, 468 U.S. 364, 373, n.10 (1984)). Upon the timely filing of an initial Rule 59(e) motion, "there is no longer a final judgment to appeal from," and a district

court must rule on such a motion to "restore the finality of the original judgment" and "start the 30-day appeal clock," *id.* (cleaned up), even where a litigant files that motion after noticing an appeal, *see* FED. R. APP. P. 4(a)(4)(B)(i); FED. R. APP. P. 4(a)(4)(A). The Court's "ruling on the Rule 59(e) motion" will therefore merge "with the prior determination, so that the reviewing court takes up only one judgment." *Banister*, 590 U.S. at 509 (citation omitted).

Rule 59(e) "is 'an extraordinary remedy that should be used sparingly.'" *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (citation omitted). And, while its text "does not specify the available grounds for obtaining such relief," the United States Court of Appeals for the Fifth Circuit

> has explained that Rule 59(e) motions "are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence" – not for raising arguments "which could, and should, have been made before the judgment issued." [The Fifth Circuit has] further noted that Rule 59(e) allows a party to alter or amend a judgment when there has been an intervening change in the controlling law.

*Id.* (citations omitted); *accord Demahy*, 702 F.3d at 182.

Johnson's motion primarily relies on new evidence although much of the evidence, particularly the evidence of exhaustion, was available and could have been presented to the Court months before judgment was entered. The Court need not decide, however, whether the delayed provision of evidence of exhaustion should provide a basis for the Court to grant Johnson's 59(e) motion because a review of the docket for Johnson's new criminal case shows that the re-indicted case has been dismissed. *See State of Texas v. Johnson*, No. D43653-CR (13th Dist. Ct., Navarro Cnty., Tex. Feb. 11, 2026). A review of the Navarro County Jail inmate records also indicates that Johnson is no longer incarcerated there. *See* Navarro County Inmate Roster, available at http://jailroster.ncsotx.org/ (last visited Mar. 9, 2026).

As both the original criminal case identified in Johnson's Section 2241 petition and the re-indicted case identified in his post-judgment objections have been dismissed, there is no longer any relief the Court can grant as to his Section 2241 habeas claims, and therefore, the petition is moot. *See, e.g., Ford v. Mason*, No. 3:18-cv-846-HTW-LRA, 2020 WL 560590, at *1 (S.D. Miss. Jan. 8, 2020), *rec. accepted*, 2020 WL 557531 (S.D. Miss. Feb. 4, 2020) (pre-trial habeas mooted by dismissal of state criminal case); *see also Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (Although an action "is not moot simply because a § 2241 petitioner is no longer in custody," it is rendered moot "when the court cannot grant the relief requested by the moving party.").

In sum, because his Navarro County cases have been dismissed, Johnson's request for habeas relief under Section 2241 relating to those cases is now moot. Therefore, the Court DENIES Johnson's construed motion for post-judgment relief under Federal Rule of Civil Procedure 59(e) [Doc. 17], and solely for statistical purposes, DIRECTS the Clerk of Court to REOPEN and CLOSE this case.

And, because a certificate of appealability ("COA") "is required to appeal the denial of a Rule 59(e) motion in a habeas case." *Mitchell v. Davis*, 669 F. App'x 284, 284 (5th Cir. 2016) (citing *Ochoa Canales v. Quarterman*, 507 F.3d 884, 887-88 (5th Cir. 2007))), the Court has considered the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court DENIES a COA. As set forth in this order, Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of

a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[1]

But, if Petitioner does file a notice of appeal, he must either pay the appellate filing fee or move for leave to proceed *in forma pauperis* on appeal.

SO ORDERED this 16th day of March 2026.

JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

(a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.